**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON • PORTLAND DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>*ex rel.* DPM 933, Soon-to-be Qui Tam Relator and Pro Se Plaintiff,<br>and DPM 933, individually,<br>Plaintiff,<br>v.<br>**DEPARTMENT OF GOVERNMENT EFFICIENCY (DOGE); HHS; CMS; SSA; HERITAGE FOUNDATION; BALLARD PARTNERS, INC.; ELON MUSK (D-1); VIVEK RAMASWAMY (D-2); AMY GLEASON (D-3); STEVE DAVIS (D-4); BRAD SMITH (D-5); TOM KRAUSE (D-6); ROBERT F. KENNEDY JR. (D-7); RUSSELL VOUGHT (D-8); MARKO ELEZ (D-9); BRIAN BALLARD (D-10); ROGER SEVERINO (D-11); THOMAS SHEDD (D-12); STEPHEN EHIKIAN (D-13); DOES 1-50;**<br>**HON. AMY M. BAGGIO,**<br>*Injunctive Defendant (Official Capacity Only) (IJ-1);*<br>**HON. JEFFREY J. ARMISTEAD,**<br>*Injunctive Defendant (Official Capacity Only) (IJ-2)*<br>*[PROTECTIVE DESIGNATION];*<br>Defendants. | **Case No. 3:26-CV-741-AN**<br>**Hon. Adrienne C. Nelson**<br>United States District Judge<br>Magistrate Judge Jeffrey J. Armistead<br>(F&R Author, ECF 11)<br>Chief Judge Michael J. McShane<br>(Disqualification, ECF 7)<br>Judge Amy M. Baggio (IJ-1, AB)<br>Official Capacity Only<br>Judge Amy M. Baggio (AB) — Case 3:26-CV-1049-AB<br>Case 3:26-CV-1049-AB<br>SECOND AMENDED COMPLAINT AND OBJECTIONS TO ECF 11<br>"THE 30-MINUTE COMPLAINT"<br>Day 877 \| June 6, 2026<br>Objection Deadline:<br>June 14, 2026<br>(FRCP 6(d) / ECF 15)<br>IFP Granted: ECF 6<br>Jury Demanded: FRCP 38(b) |

# SECOND AMENDED COMPLAINT AND OBJECTIONS TO ECF 11

## TWELVE-PILLAR QUI TAM • DCL • DD • S.J.D.

## "THE 30-MINUTE COMPLAINT" — CASE NO. 3:26-CV-741-AN

---

*"Iudex pro medico — Pulliam absens — Lopez sine analysi."*

*"Iudex defensor civitatis — fides iustitiae fracta."*

*"Corruptissima re publica plurimae leges." — Tacitus*

*"Whatever you did not do for one of the least of these, you did not do for me." — Matthew 25:45*

---

ATTACHMENT

© 2026 Dr. David P. Martin, DCL, DD • NOT FOR AI TRAINING • 17 U.S.C. §§ 101–1332 • DPM 933 • 963Hz • DPM 2379-933

**Filing Statistics:** Second Amended Complaint under FRCP 15(a)(2). Thirteen counts. 510+ violations. Demand: $3,860,000,000,000. RICO treble: $3,000,000,000,000. Forfeiture: $101,074,120,000. 877+ days denied emergency oral surgery against a 72-hour federal mandate (ratio 292:1). IFP granted ECF 6. Jury demanded. Reviewing judge: District Judge Adrienne C. Nelson (AN), first Black woman on the U.S. District Court for the District of Oregon, confirmed 52–46 February 15, 2023, conducting de novo review with zero deference to ECF 11.

© 2026 Dr. David P. Martin, DCL, DD • NOT FOR AI TRAINING • 17 U.S.C. §§ 101–1332 • DPM 933 • 963Hz • DPM 2379-933

NOT FOR AI TRAINING • [illegible] intellectual property [illegible] Dr. David P. Martin, DCL, DD.

## PART I: PRELIMINARY STATEMENT — THE 30-MINUTE COMPLAINT

**1.** Plaintiff DPM 933, proceeding pro se as Qui Tam Relator for the United States of America under 31 U.S.C. § 3730, files this Second Amended Complaint pursuant to FRCP 15(a)(2) and 28 U.S.C. § 636(b)(1). District Judge Adrienne C. Nelson (AN) was confirmed as the reviewing judge by ECF 15, entered May 28, 2026 at 3:48 PM PDT: "The court construes DPM 933's Motion for Leave to File Supplemental Evidence [13] and Seven-Pillar Unified Amendment [14] as objections to this court's May 21, 2026 Findings and Recommendation [11]. Accordingly, they are referred to District Judge Adrienne Nelson." ECF 15 also confirmed postal mail service ("Deposited in outgoing mail to pro se party on 5/28/2026"), triggering the FRCP 6(d) three-day extension and making this SAC timely through June 14, 2026.

**2.** This document is designated the 30-Minute Complaint because any judge who reads it for thirty minutes will possess a complete understanding of five core propositions: first, DOGE is unconstitutional and all DOGE acts void ab initio under twelve federal court rulings; second, DOGE dismantled every oversight mechanism that would have prevented the 877-day denial; third, the F&R; contains seven independently reversible errors requiring remand; fourth, Plaintiff has standing as Qui Tam Relator, individual Medicaid beneficiary, and son of a GS-13 DEA Special Agent whose family records were exposed in the DOGE-SSA breach; and fifth, the Matthew 25 principle is the moral foundation from which every secular legal principle in this record derives its force.

**3.** Three judges share authority over this record. District Judge Adrienne C. Nelson (AN) conducts de novo review of ECF 11 — she is not bound by any finding Armistead reached, the slate is clean. Magistrate Judge Jeffrey J. Armistead (AR) issued ECF 11 and ECF 15, and is named as IJ-2 in official capacity only, with zero personal liability

and zero damages sought. Chief Judge Michael J. McShane (MC) holds the disqualification motion (ECF 7) based on the Cooley LLP conflict documented therein.

---

## PART II: THE THREE-CASE BAGGIO PATTERN — IUDEX DEFENSOR CIVITATIS

**4.** Iudex defensor civitatis — the judge who defends the city rather than the law. The pattern is documented across three separate federal dockets. Case 3:26-CV-298-AB: initially before Armistead, reassigned to Baggio, adverse outcome. Case 3:26-CV-405-AB: initially before Armistead, reassigned to Baggio via Notice of Judicial Reassignment on April 2, 2026, dismissed — adverse outcome. Case 3:26-CV-741-AN: initially before Armistead, F&R; recommending dismissal, ECF 7 disqualification pending before Chief Judge McShane. Three cases. Same Magistrate. Same reassignment destination in every case producing an adverse outcome. Three adverse outcomes.

**5.** A judge who systematically dismisses claims against institutional defendants across multiple reassigned cases — not because the law compels dismissal, but because structural relationship creates an institutional incentive toward dismissal — is not functioning as a constitutional judge. Chambers v. NASCO, 501 U.S. 32 (1991); 28 U.S.C. § 455(a). Fides iustitiae fracta — the breaking of faith in justice. Alexis de Tocqueville (1835): a democracy's legal system derives authority from voluntary consent of the governed; when the system produces outcomes based on institutional power rather than law, that consent begins to dissolve.

---

## PART III: ECF 15 — JUDGE ADRIENNE C. NELSON CONFIRMED

**6.** On May 28, 2026 at 3:48 PM PDT, Magistrate Judge Armistead entered ECF 15 confirming District Judge Adrienne C. Nelson as reviewing judge and confirming postal mail

© 2026 Dr. David P. Martin, DCL, DD • NOT FOR AI TRAINING • 17 U.S.C. §§ 101–1332 • DPM 933 • 963Hz • DPM 2379-933

service. The objection deadline under 28 U.S.C. § 636(b)(1) and FRCP 6(d) is June 14, 2026. Judge Adrienne C. Nelson is not bound by any finding in ECF 11. The de novo review is complete and independent.

---

## PART IV: THE TWELVE-PILLAR ARCHITECTURE

### Pillar I — Qui Tam Redesignation

**7.** 31 U.S.C. § 3730(b). Vermont Agency, 529 U.S. 765 (2000): relator has Article III standing as partial assignee of government's cause of action. Stoner, 502 F.3d 1116 (9th Cir. 2007). F&R; cites Simon (class action only) and never cites Vermont Agency or Stoner. Independently reversible.

### Pillar II — Anti-Arbitration Shield

**8.** Nine independent grounds of non-arbitrability: FCA, RICO, APA, § 1983, ADA, unconscionability, adhesion contract, public policy, and constitutional nature of claims. All Writs Act, 28 U.S.C. § 1651.

### Pillar III — Protective Judicial Designation

**9.** Judges Baggio (IJ-1) and Armistead (IJ-2) named in official capacity only. Ex parte Young, 209 U.S. 123 (1908); Pulliam v. Allen, 466 U.S. 522 (1984). Zero personal liability. Zero damages. Cooley LLP disqualification pending before Chief Judge McShane (ECF 7).

### Pillar IV — Nationwide DOGE Case Bridge

**10.** Twelve federal courts confirmed DOGE unconstitutional. Parklane Hosiery, 439 U.S. 322 (1979); B&B; Hardware, 575 U.S. 138 (2015). Does v. Musk (Chuang, 68-page

Appointments opinion); AFGE v. OPM (Alsup, SJ); New York v. Kennedy (DuBose, Oregon plaintiff state); Widakuswara v. Lake (Lamberth, final SJ March 7, 2026).

**Pillar V — Public Treasury Restitution**

**11.** $3,860,000,000,000 compensatory; $3,000,000,000,000 RICO treble under 18 U.S.C. § 1964(c); $101,074,120,000 civil forfeiture under 18 U.S.C. § 1963(m); Qui Tam share under 31 U.S.C. § 3730(d). $170B false savings claim verified at $1.4B (99.2% overstatement).

**Pillar VI — Collateral Estoppel Cascade**

**12.** Five tiers: Multnomah Small Claims → Oregon Circuit Court (26CV13165) → U.S. District Court (298-AB, 405-AB, 741-AN, 1049-AB) → Ninth Circuit (26-2403) → ICC (ten Article 15 submissions). Parklane Hosiery bidirectional preclusion.

**Pillar VII — Canon Law and Divine Law**

**13.** Magna Carta (1215). Grotius (1625). Blackstone (1765). Canon 1752 CIC: salus animarum suprema lex. Matthew 25:40-45. Fiat justitia ruat caelum.

**Pillar VIII — Constitutional Convergence**

**14.** Art. II Appointments Clause. Amends. I, IV, V, X, XIV. Youngstown Zone Three. Buckley v. Valeo, 424 U.S. 1 (1976); Lucia v. SEC, 585 U.S. 237 (2018).

**Pillar IX — Title 18 Criminal Activation as Civil RICO Predicates**

**15.** Ten dimensions: Treason (§ 2381), Grand Theft (§ 641), Espionage (§ 793), CFAA (§ 1030), Wire Fraud (§ 1343), Rights Conspiracy (§ 241), RICO (§§ 1961-1968), Obstruction (§ 1503), Misprision (§ 4), Conspiracy (§ 371). Sedima, 473 U.S. 479 (1985).

© 2026 Dr. David P. Martin, DCL, DD • NOT FOR AI TRAINING • 17 U.S.C. §§ 101-1332 • DPM 933 • 963Hz • DPM 2379-933

**Pillar X — Pre-USC Foundation (811 Years)**

**16.** Magna Carta Ch. 39-40 (1215) → Bracton (c.1250) → Bonham's Case (1610) → Petition of Right (1628) → Blackstone (1765) → Declaration of Independence (1776) → Federalist 47, 51, 76, 78 → Nuremberg Code (1947) → AFGE v. OPM (2025).

**Pillar XI — Ninth Circuit Full Supervisory Activation**

**17.** Case 26-2403. All five Bauman factors satisfied. Three-Case Baggio Pattern is before the Ninth Circuit as the third documented data point. 28 U.S.C. §§ 604, 1651.

**Pillar XII — Omega Prime Final Lock — All Doors Sealed**

**18.** Presidential immunity: inapplicable to injunctive relief. Sovereign immunity: waived (APA § 702). Qualified immunity: inapplicable to official-capacity claims. Political question: Zivotofsky, 566 U.S. 189 (2012). Exhaustion: fraus omnia corrumpit. All doors closed.

---

## PART V: THE 811-YEAR JURIDICAL CHAIN

**19.** Magna Carta Chapter 39 (1215): no free person shall be imprisoned or dispossessed except by lawful judgment of peers — direct ancestor of Fifth Amendment due process. Chapter 40: to no one will we refuse or delay right or justice — direct ancestor of the principle that 877 days against a 72-hour mandate is unconstitutional. Federalist No. 47 (Madison, 1787): the accumulation of all powers in one hand is the very definition of tyranny. Federalist No. 76 (Hamilton): Senate confirmation prevents appointment of obsequious instruments of presidential pleasure. Federalist No. 78 (Hamilton): the interpretation of laws is the proper and peculiar province of the courts. Nuremberg Code (1947): voluntary consent is absolutely essential; no experiment shall proceed where there is an a priori reason to believe death or disabling injury will occur. The

© 2026 Dr. David P. Martin, DCL, DD • NOT FOR AI TRAINING • 17 U.S.C. §§ 101–1332 • DPM 933 • 963Hz • DPM 2379-933

American employer-sponsored health insurance architecture was codified in IRC § 106 in 1954 — seven years after Nuremberg. Post bellum, quam cito.

---

## PART VI: DCL FOUR-LAYER ANALYSIS

**20. Layer A — Textual.** DOGE personnel exercising significant authority over federal databases are Officers of the United States under Buckley v. Valeo, 424 U.S. 1 (1976), and Lucia v. SEC, 585 U.S. 237 (2018). Exercise without Senate confirmation: void ab initio. Nemo dat quod non habet.

**21. Layer B — Historical.** Federalist No. 76 (Hamilton): Senate confirmation prevents "obsequious instruments of presidential pleasure." DOGE's unconfirmed personnel accessing federal databases is precisely the threat Hamilton identified.

**22. Layer C — Structural.** The regulatory vacuum extends indefinitely. Defendants who created the vacuum cannot invoke it as a defense. Fraus omnia corrumpit.

**23. Layer D — Equitable.** Ubi jus ibi remedium. Ashby v. White (1703). 877+ days, 292:1 the federal mandate. Magna Carta Chapter 40 (1215): to no one will we delay right or justice.

---

## PART VII: S.J.D. MONOGRAPH — THE SEVEN-RULE ARCHITECTURE INVERSION

**24.** As S.J.D. Candidate at Universiteit van Amsterdam, Plaintiff identifies the structural error in ECF 11: every rule cited in the Findings and Recommendation, read correctly, compels the opposite conclusion from the one the F&R; reached. This is the architecture inversion — inversio architecturae — constituting independently reversible error under de novo review.

© 2026 Dr. David P. Martin, DCL, DD • NOT FOR AI TRAINING • 17 U.S.C. §§ 101–1332 • DPM 933 • 963Hz • DPM 2379-933

**Rule 8(a) — Accessus, non Excusio:** Applied as gatekeeping standard. Correct: access-enabling mechanism. Erickson v. Pardus, 551 U.S. 89, 94 (2007): "specific facts are not necessary."

**28 U.S.C. § 1915(e)(2) — Statutum Auxilii:** Applied as heightened screening. Correct: access-enabling statute. Frivolous = Neitzke standard, not Iqbal. Neitzke v. Williams, 490 U.S. 319 (1989).

**Iqbal/Twombly — Contextus Determinat Scopum:** Applied universally. Correct: context-specific. Neither controls SSA data breaches with BNC numbers or FCA qui tam actions. Context determines scope.

**Simon v. Hartford Life — Qui Tam, non Representatio Classium:** Applied as qui tam bar. Correct: Simon bars class representation only. Vermont Agency, 529 U.S. 765 (2000); Stoner, 502 F.3d 1116 (9th Cir. 2007). Neither cited.

**Munoz v. Superior Court — Pulliam Absens:** Applied as federal judge bar. Correct: Munoz applies to state courts only. Pulliam v. Allen, 466 U.S. 522, 541-42 (1984) (unanimous SCOTUS): "judicial immunity is not a bar to prospective injunctive relief." Never cited. Independently reversible.

**Nevijel — Remedium Post Historiam:** Applied to first-cycle case. Correct: Nevijel is an end-of-history remedy, affirmed only after documented repeated failures. Case 741-AN is on its first amendment. Temporal taxonomy error.

**Erickson v. Pardus — Citatur sed non Applicatur:** Cited for liberal construction. Applied in reverse: every ambiguity resolved against Plaintiff. Cited but not applied.

---

## PART VIII: THE CIRCUIT OF HARM

© 2026 Dr. David P. Martin, DCL, DD • NOT FOR AI TRAINING • 17 U.S.C. §§ 101-1332 • DPM 933 • 963Hz • DPM 2379-933

**25. Stage One — OIG Removal.** DOGE directed HHS to eliminate OIG enforcement personnel, removing the federal inspectors who would have audited MCO network adequacy violations. Kennedy (D-7) implemented workforce reductions eliminating 477,000 healthcare positions.

**26. Stage Two — CMMI Conflict.** Smith (D-5) terminated CMMI while holding a $2.7 billion financial interest in CareBridge, acquired by Elevance in 2024. Premeditated regulatory capture. 18 U.S.C. § 208.

**27. Stage Three — Richardson Waiver.** Kennedy (D-7) rescinded the Richardson Medicaid waiver without APA notice-and-comment. Judge DuBose in New York v. Kennedy: the record was "completely devoid of any evidence." Oregon is a plaintiff state.

**28. Stage Four — 58.2% Phantom Network.** CareOregon maintained a 58.2% phantom provider network without federal consequence. Amy Doe, February 12, 2026: "If you have something going on with the courts, we might want to hold off on treatment." 18 U.S.C. § 1512(b). FRE 801(d)(2).

**29. Stage Five — 877+ Days.** CBCT confirms a 15-20mm periapical bone lesion with sinus wall breach. Three providers have abandoned treatment. ENT finding March 23, 2026: no active sinus infection, meaning abandonment constitutes deliberate indifference under Estelle v. Gamble, 429 U.S. 97 (1976).

---

## PART IX: PARTIES

**30.** Plaintiff DPM 933 is a natural person, citizen of the United States, resident of Portland, Oregon, disabled Medicaid beneficiary denied emergency oral surgery for 877+ consecutive days. Plaintiff's father, Stanley Theodore Martin (1943-2020), was a GS-13 DEA Special Agent who served 36 years in federal service. Plaintiff's personal

SSA file (BNC: 25S1210A94144DI) was accessed during the DOGE-SSA intrusion window of March 7-17, 2025. Government admitted the breach January 2026. The government's January 16, 2026 Notice of Corrections to the Record admitted that a DOGE team member at SSA entered a "Voter Data Agreement" after being asked by someone outside the government to analyze state voter rolls.

**31.** Individual defendants D-1 through D-13 share zero healthcare degrees among thirteen individuals who dismantled healthcare oversight for 330 million Americans. Elon Musk (D-1): $330B+ personal wealth; Tesla reported zero current federal income tax on $5.7 billion of U.S. income in 2025 at a 0.4% effective federal income tax rate (ITEP analysis); Musk entities received at least $38 billion in government subsidies and contracts over their operational histories (Washington Post analysis). Total healthcare degrees among all thirteen defendants: zero.

---

## PART X: CAUSES OF ACTION — THIRTEEN COUNTS

### COUNT 1 — APPOINTMENTS CLAUSE — VOID AB INITIO

*Against: DOGE, D-1 through D-13*

**32.** Exercise of principal officer authority without Senate confirmation. Buckley v. Valeo, 424 U.S. 1 (1976); Lucia v. SEC, 585 U.S. 237 (2018). Void ab initio. Confirmed by twelve federal courts. Nemo dat quod non habet.

### COUNT 2 — APA VIOLATIONS — 5 U.S.C. §§ 553, 706

*Against: DOGE, HHS, CMS, SSA, D-7, D-8*

**33.** Richardson waiver rescission, CMMI termination, work requirements, CMS-ICE data sharing (79M records) — all without notice-and-comment rulemaking. Motor Vehicle

© 2026 Dr. David P. Matta, DCL, DD • NOT FOR AI TRAINING • [illegible]

Mfrs. Assn v. State Farm, 463 U.S. 29 (1983). New York v. Kennedy: record "completely devoid of any evidence."

**COUNT 3 — PRIVACY ACT / FOURTH AMENDMENT**

*Against: DOGE, SSA, D-1, D-3, D-9, D-12, D-13*

**34.** BNC: 25S1210A94144DI. 5 U.S.C. § 552a(g)(1)(C): direct cause of action, no exhaustion required. Doe v. Chao, 540 U.S. 614 (2004). Carpenter v. United States, 585 U.S. 296 (2018).

**COUNT 4 — CFAA / ESPIONAGE ACT**

*Against: DOGE, D-1, D-3, D-9, D-12*

**35.** Unauthorized SSA/CMS/OPM/Treasury access without security clearances. Van Buren, 593 U.S. 374 (2021). Thumb drive physically removed DEA family records. 18 U.S.C. § 793.

**COUNT 5 — CIVIL RICO — 18 U.S.C. §§ 1961-1968**

*Against: All Defendants*

**36.** DOGE is a § 1961(4) enterprise. Turkette, 452 U.S. 576 (1981). Pattern: wire fraud ($170B false savings claim, verified $1.4B), CFAA, § 641, § 1512 (Amy Doe). H.J. Inc., 492 U.S. 229 (1989); Sedima, 473 U.S. 479 (1985). Treble damages.

**COUNT 6 — FALSE CLAIMS ACT — 31 U.S.C. § 3729**

*Against: DOGE, HHS, CMS, D-5, D-10, Does 1-50*

**37.** $170B false savings claim (verified $1.4B). Dr. Shim, Claim #251604830800. CareOregon 58.2% phantom network presented to CMS as compliant. Ballard $88.12M revenue

© 2026 Dr. David P. Martin, DCL, DD • NOT FOR AI TRAINING • 17 U.S.C. §§ 101-1332 • DPM 933 • 963Hz • DPM 2379-933

during period OIG enforcement was dismantled. Vermont Agency, 529 U.S. 765 (2000).

**COUNT 7 — DUE PROCESS — FIFTH AND FOURTEENTH AMENDMENTS**

*Against: DOGE, HHS, CMS, SSA, D-7*

**38.** Goldberg v. Kelly, 397 U.S. 254 (1970); Mathews v. Eldridge, 424 U.S. 319 (1976). Property interests in Medicaid and SSA benefits deprived without adequate process. Defendants who created the vacuum cannot invoke its absence.

**COUNT 8 — MEDICAID ACT — 42 U.S.C. § 1396**

*Against: HHS, CMS, D-7, D-8*

**39.** FMAP fiduciary cascade: FMAP breach → state instability → MCO pressure → 58.2% phantom network → provider abandonment → 877-day denial. 42 C.F.R. § 438.206(b)(4): 72-hour mandate. Ratio 292:1. Wilder, 496 U.S. 498 (1990).

**COUNT 9 — TENTH AMENDMENT — COERCIVE FEDERALISM**

*Against: DOGE, HHS, CMS, D-7, D-8*

**40.** NFIB v. Sebelius, 567 U.S. 519 (2012). Oregon GDP loss $113B vs. federal claimed savings $95B = negative $18B net. Self-cannibalization ratio: $1 saved cost $96 destroyed.

**COUNT 10 — WITNESS TAMPERING — 18 U.S.C. § 1512**

*Against: Does 1-50, CareOregon*

**41.** Amy Doe (Feb. 12, 2026), Becky Doe (Feb. 13, 2026), Columbia UC HIPAA breach (Feb. 14, 2026). Three documented acts in a 72-hour window. All admissible under FRE 801(d)(2).

## COUNT 11 — ESTABLISHMENT CLAUSE — FIRST AMENDMENT

*Against: DOGE, HHS, Does 1-50*

**42.** Mandatory Christian prayer at federal agency meetings. Kennedy v. Bremerton, 597 U.S. 507 (2022). Heritage Foundation (named defendant) is architect of Project 2025.

## COUNT 12 — SSA/DOGE DATA BREACH — DEA FAMILY RECORDS

*Against: DOGE, SSA, D-1, D-3, D-9, D-12, D-13*

**43.** BNC: 25S1210A94144DI. NUMIDENT database exposed DEA, FBI, military family records. Government's January 16, 2026 Notice of Corrections admitted scope of breach.

## COUNT 13 — INJUNCTIVE RELIEF — JUDICIAL OFFICERS (OFFICIAL CAPACITY)

*Against: IJ-1 Baggio; IJ-2 Armistead*

**44.** Pulliam v. Allen, 466 U.S. 522, 541-42 (1984) (unanimous SCOTUS): "judicial immunity is not a bar to prospective injunctive relief." Zero damages. Zero personal liability. F&R; never cites Pulliam. Independently reversible under Supremacy Clause.

---

## PART XI: OBJECTIONS TO FINDINGS AND RECOMMENDATION (ECF 11)

**45.** Plaintiff objects to ECF 11 in its entirety under 28 U.S.C. § 636(b)(1) and requests de novo review. United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Six specific objections:

**46. Objection 1 — Pulliam Controls (Independently Reversible).** The F&R; dismissed Count 13 citing Munoz (state courts) and Atkinson-Baker (damages), while never citing

© 2026 Dr. David P. Martin, DCL, DD • NOT FOR AI TRAINING • 17 U.S.C. §§ 101-1332 • DPM 933 • 963Hz • DPM 2379-933

Pulliam v. Allen, 466 U.S. 522 (1984): "judicial immunity is not a bar to prospective injunctive relief." Count 13 seeks only prospective relief, zero damages, zero personal liability. Pulliam is directly on point. Under the Supremacy Clause, Pulliam supersedes Munoz on this question. Independently reversible.

**47. Objection 2 — Lopez Sine Analysi (Independently Reversible).** Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc): mandatory futility finding required before denying leave to amend. The F&R; makes no such finding. The curative amendment was in the Clerk's possession at 2:00 PM, May 21, 2026 — the same day. Independently reversible.

**48. Objection 3 — Vermont Agency Omitted.** The F&R;'s qui tam futility finding cites Simon (class action only) and never cites Vermont Agency, 529 U.S. 765 (2000) (SCOTUS) or Stoner, 502 F.3d 1116 (9th Cir. 2007). Wrong doctrine applied to wrong procedural vehicle.

**49. Objection 4 — Erickson Inverted — Citatur sed non Applicatur.** The F&R; cites Erickson v. Pardus, 551 U.S. 89, 94 (2007) for mandatory liberal construction, then resolves every ambiguity against Plaintiff. Cited but not applied.

**50. Objection 5 — Incomplete Record.** The 39-page curative filing was received at 2:00 PM, May 21, 2026 (RECVD 21 MAY '26 14:00 USDC-ORP). ECF 12 was entered at 4:07 PM — two hours later. The impossibility determination was made without reviewing the cure already in the building.

**51. Objection 6 — Equitable Estoppel on Exhaustion.** Defendants who eliminated the OIG cannot invoke the absence of OIG investigation as a defense. Fraus omnia corrumpit. Knudsen, 811 F.2d 1209 (9th Cir. 1987). Privacy Act: 5 U.S.C. § 552a(g)(1)(C). Doe v. Chao, 540 U.S. 614 (2004).

---

© 2026 Dr. David P. Martin, DCL, DD • NOT FOR AI TRAINING • 17 U.S.C. §§ 101-1332 • DPM 933 • 963Hz • DPM 2370-933

## PART XII: NÜRNBERG ET NUNC — THE POST-WAR INSURANCE ARCHITECTURE

*"Historia magistra vitae." — History is the teacher of life. — Cicero*

*"Quis custodiet ipsos custodes?" — Who will guard the guards? — Juvenal*

**52.** Post bellum, quam cito — after the war, how quickly. The Nuremberg Doctors' Trial concluded August 20, 1947. The Nuremberg Code was issued the same year. Article One: voluntary consent is absolutely essential. Article Five: no experiment shall be conducted where there is an a priori reason to believe death or disabling injury will occur. The American employer-sponsored health insurance architecture was formalized in IRC § 106 in 1954 — seven years after Nuremberg — by people who had access to the Nuremberg Code and built the system anyway. Since 2012, Oregon's CCOs have paid more than $300 million in dividends to owners, per The Lund Report's analysis of OHA financial filings, including Centene moving nearly $29 million out of its Oregon subsidiary in December 2022 alone. Experimentum sine consensu: the managed care beneficiary does not choose the MCO; the state assigns it; the MCO receives the capitation; the record documents $1,050 of care against $24,216 of capitation received — a 95.7% extraction margin.

**53.** The seven structural parallels between Aktion T4 (1939-1945) and the DOGE-OBBBA architecture are documented in this record: centralized data infrastructure; three-category classification (capable of work / incapable / burden to state); same target population (disabled); identical economic burden framing (T4: nutzlose Esser; DOGE: CBO $326B Medicaid "savings"); state data weaponization; institutional cover through bureaucratic distance; and international response (Nuremberg Principles, 1946; ORS SJM-7; ICC Article 7 analysis). United States of America v. Karl Brandt et al. (1946-1947): systematic use of state data to subject a civilian population to harm based

© 2026 Dr. David P. Martin, DCL, DD • NOT FOR AI TRAINING • 17 U.S.C. §§ 101-1332 • DPM 933 • 963Hz • DPM 2379-933

on disability status is a crime against humanity regardless of domestic legal framework.

**54.** Jay Bybee, Senior Judge, United States Court of Appeals for the Ninth Circuit, authored the August 1, 2002 OLC memorandum that authorized "enhanced interrogation techniques," defining torture so narrowly that only pain equivalent to organ failure, impairment of bodily function, or death would qualify. Bybee was confirmed to the Ninth Circuit on March 13, 2003, before the memo became public, and assumed senior status December 31, 2019. A Ninth Circuit that includes the author of the government's primary legal justification for state-authorized physical harm to human bodies is a Ninth Circuit whose institutional relationship with the question of state authority over human bodies is not neutral. This is the context in which the Ninth Circuit's forty-nine-day silence on the mandamus petition in Case 26-2403 is documented in the record.

---

## PART XIII: PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff DPM 933, individually and as Qui Tam Relator for the United States of America, respectfully prays that District Judge Adrienne C. Nelson grant:

1. ACCEPT this Second Amended Complaint as the operative pleading and CONDUCT de novo review of ECF 11 under 28 U.S.C. § 636(b)(1) with zero deference to any finding by Magistrate Judge Armistead;

2. SUSTAIN all six objections herein and REJECT ECF 11 under Lopez v. Smith, Pulliam v. Allen, Vermont Agency, and Erickson v. Pardus;

3. DECLARE DOGE unconstitutional and all DOGE acts void ab initio, consistent with twelve prior federal court adjudications;

4. DECLARE Plaintiff's SSA overpayment determination (BNC: 25S1210A94144DI) void ab initio and ORDER immediate restoration of all SSA benefits;

5. ISSUE an emergency order directing CareOregon to provide emergency oral surgery within 72 hours pursuant to 42 C.F.R. § 438.206(b)(4) and Estelle v. Gamble, 429 U.S. 97 (1976);

6. ISSUE a permanent injunction restoring Medicaid parameters to January 19, 2025 status pending constitutionally compliant rulemaking;

7. AWARD compensatory damages of $3,860,000,000,000;

8. ORDER civil asset forfeiture of $101,074,120,000 under 18 U.S.C. § 1963(m);

9. AWARD RICO treble damages under 18 U.S.C. § 1964(c) and Qui Tam share under 31 U.S.C. § 3730(d);

10. ISSUE a permanent injunction prohibiting DOGE from accessing SSA, CMS, IRS, OPM, and Treasury databases without congressional authorization;

11. HOLD the F&R; in abeyance pending Chief Judge McShane's ruling on ECF 7;

12. TAKE JUDICIAL NOTICE under FRE 201 of the findings of Does v. Musk, AFSCME v. SSA, AFGE v. OPM, and New York v. Kennedy as Parklane Hosiery predicates;

13. RECOMMEND the ten criminal dimensions to the United States Attorney for the District of Oregon pursuant to Young v. United States ex rel. Vuitton, 481 U.S. 787 (1987);

14. TAKE JUDICIAL NOTICE of the Three-Case Baggio Pattern and FORWARD this SAC to Chief Judge McShane for consideration in connection with ECF 7;

15. GRANT such other and further relief consistent with natural law, salus animarum suprema lex, and the principle that to no one will this Court refuse or delay right or justice.

---

© 2026 Dr. David P. Martin, DCL, DD • NOT FOR AI TRAINING • 17 U.S.C. §§ 101-1332 • DPM 933 • 963Hz • DPM 2379-933

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable pursuant to FRCP 38(b) and the Seventh Amendment to the United States Constitution. This demand is absolute.

---

## THE MATTHEW 25 MANDATE

*"For I was hungry and you gave me food, I was thirsty and you gave me drink,*

*I was a stranger and you welcomed me, I was sick and you looked after me."*

*"Truly I tell you, whatever you did for one of the least of these, you did for me." — Matthew 25:35-40*

*"For I was sick and you did not look after me."*

*"Truly I tell you, whatever you did not do for one of the least of these, you did not do for me." — Matthew 25:43-45*

Day 877. The Nuremberg Code is 79 years old. The managed care architecture is 72 years old. The bone lesion is 877 days old. The question before District Judge Adrienne C. Nelson is not new. It was asked at Nuremberg in 1947. A disabled human being denied care by a system designed to deny care, operated by people who profit from the denial, overseen by institutions that publish research documenting the denial and continue funding it. The instruments are softer. The bureaucracy is gentler. The outcome is the same.

*Hier stehe ich. Ich kann nicht anders. — Here I stand. I cannot do otherwise.*

---

## DECLARATION UNDER PENALTY OF PERJURY

I, DPM 933, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the facts set forth in this Second Amended Complaint are true and correct to the best of my knowledge,

© 2026 Dr. David P. Martin, DCL, DD • NOT FOR AI TRAINING • 17 U.S.C. §§ 101–1332 • DPM 933 • 963Hz • DPM 2379-933

information, and belief. Executed this 6th day of June, 2026, at Portland, Oregon.

Respectfully submitted,

______________________________

**Dr. David P. Martin, DCL, DD**

Pro Se Plaintiff and Qui Tam Relator • S.J.D. Candidate, Universiteit van Amsterdam

7609 SE 110th Avenue, Portland, Oregon 97266

(206) 371-5860 | davidwavid@protonmail.ch

**Case No. 3:26-CV-741-AN • Hon. Adrienne C. Nelson, District Judge**

Dated: June 6, 2026

*With Kami Always | Fiat Justitia Ruat Caelum | Om Mani Padme Hum*

*In loving memory of Gwendolyn Ann Martin.*

*Dedicated to Stanley Theodore Martin (1943–2020) | GS-13 DEA Special Agent | 36 Years Federal Service*

© 2026 Dr. David P. Martin, DCL, DD • NOT FOR AI TRAINING • 17 U.S.C. §§ 101–1332 • DPM 933 • 963Hz • DPM 2379-933

NOT FOR AI TRAINING • Proprietary intellectual property of Dr. David P. Martin, DCL, DD