# CLERK COVER LETTER

FILED07 JUL '26 16:45USDC-ORP

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF OREGON**
**PORTLAND DIVISION**

Case No. 3:26-CV-741-AR | District Judge Adrienne C. Nelson

---

**TO: Clerk of Court, U.S. District Court, District of Oregon**

**RE: MANDATORY DOCKETING â€" NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE â€" FED. R. CIV. P. 41(a)(1)(A)(i) â€" NO CLERK DISCRETION APPLIES**

Date: July 7, 2026 | Day 176 | DPM 933

---

Dear Clerk of Court,

1. Enclosed is Plaintiff's **Notice of Voluntary Dismissal Without Prejudice**, filed pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).

2. **This filing requires no judicial review, no court order, and no clerk discretion.** Under Rule 41(a)(1)(A)(i), a plaintiff may dismiss an action by filing a notice of dismissal at any time before the opposing party serves either an answer or a motion for summary judgment. Neither has been served in this matter. The dismissal is **self-executing upon filing**.

3. Under Fed. R. App. P. 25(a)(4) and the corresponding local docketing rules, the Clerk's Office has a **non-discretionary, ministerial duty to docket this Notice**. No prior order, no pending motion, and no separate ruling by this Court â€" including any order entered on ECF No. 34 or any related motion â€" alters this duty. A self-executing Rule 41(a)(1)(A)(i) notice cannot be refused, held, deferred, or returned unfiled by the Clerk's Office.

4. This Notice is filed independent of, and unaffected by, any dismissal order previously entered by the Court, any order the Court may enter hereafter, and any characterization the opposing party has placed on the record. It is Plaintiff's own act, exercised as of right, and requires no leave of Court.

5. Plaintiff notes for the record that the underlying conduct of this proceeding â€" including but not limited to the citation inversions, the misapplication of Fed. R. Civ. P. 72(a) to a dispositive matter, and the striking of substantive filings without notice, each independently documented in the Centum Pillar Juridical Brief on file â€" is presently under independent review by outside counsel evaluating reopening and related proceedings. This filing is made to ensure a clean, complete, and accurately docketed record ahead of that review.

6. Plaintiff respectfully requests that the Clerk docket this Notice immediately upon receipt, issue standard confirmation of filing, and take no further action requiring judicial input, consistent with the self-executing nature of Rule 41(a)(1)(A)(i).

Respectfully,

______________________

Dr. David P. Martin, DCL, DD, S.J.D. (UvA)
Pro Se Plaintiff and Qui Tam Relator | DPM 933

7609 SE 110th Avenue, Portland, Oregon 97266
(206) 371-5860 | divinemajestratorlll@pm.me

Dated: July 7, 2026

*Res non iudicata, sed res reservata.*

Case No. 3:26-CV-741-AR
Â© 2026 Dr. David P. Martin, DCL, DD, S.J.D. (UvA) â€¢ DPM 933

# NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF OREGON**
**PORTLAND DIVISION**

DPM 933, Pro Se Plaintiff and Qui Tam Relator,

v.

U.S. DOGE SERVICE; ELON MUSK (D-1), et al., Defendants.

**Case No. 3:26-CV-741-AR**
**District Judge Adrienne C. Nelson**

---

## NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE
### Pursuant to Fed. R. Civ. P. 41(a)

DPM 933, Latin Maxim et Nunc â€" *Res non iudicata, sed res reservata*

Filed: July 7, 2026 | Day 176 | DPM 933

---

### I. NOTICE

1. Plaintiff DPM 933, Pro Se Plaintiff and Qui Tam Relator, hereby gives notice pursuant to Federal Rule of Civil Procedure 41(a) that Plaintiff voluntarily dismisses the above-captioned action **WITHOUT PREJUDICE**.

2. This dismissal is entered by Plaintiff's own election, on Plaintiff's own terms, prior to and independent of any ruling on the pending Rule 59(e) Motion to Alter or Amend ECF No. 34, and independent of the Centum Pillar Juridical Brief filed in support thereof (Day 174).

3. This Notice does not concede, waive, abandon, or in any way diminish any of the one hundred (100) independently sufficient juridical grounds set forth in the Centum Pillar Juridical Brief, nor any claim, theory, or right of action asserted in this proceeding. All claims are preserved in full and may be refiled in any court of competent jurisdiction.

### II. BASIS FOR VOLUNTARY DISMISSAL

4. A dismissal without prejudice under Rule 41(a) does not operate as an adjudication on the merits. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990). It does not trigger res judicata and does not preclude a subsequent action on the same claims. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001).

5. Plaintiff elects this course to preserve a clean record ahead of any further order in this action, and to permit the underlying constitutional, statutory, and common-law claims â€" including the Appointments Clause, APA ultra vires, Medicaid Act, and Fifth and Fourteenth Amendment claims briefed at length in the Centum Pillar Brief â€" to proceed unencumbered by any order this Court might otherwise enter.

6. This dismissal is entered without waiver of, and expressly reserving, all rights to pursue relief in the United States Court of Appeals for the Ninth Circuit in the consolidated proceedings captioned Nos. 26-2403, 26-3101, 26-3357, and 26-3777, which

arise from a common nucleus of operative fact and remain wholly unaffected by this Notice.

### III. RESERVATION OF RIGHTS

7. Plaintiff expressly reserves the right to refile the claims asserted herein, in whole or in part, in this or any other court of competent jurisdiction, consistent with any applicable statute of limitations, and to rely upon the full evidentiary record, including but not limited to the Centum Pillar Juridical Brief, the Codex Inversorum pattern analysis, and all exhibits filed in this action.

8. Nothing in this Notice shall be construed as a concession that any argument, citation, or finding contained in ECF No. 34 or any prior order in this matter was correctly decided.

### IV. NO COURT ORDER REQUIRED

9. Because Defendants have not served either an answer or a motion for summary judgment in this matter, this dismissal is effective upon filing pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), without need for a court order. To the extent the Court deems an order necessary or appropriate, Plaintiff respectfully requests that any such order confirm that the dismissal is without prejudice and without costs to any party.

---

**Respectfully submitted,**

Dr. David P. Martin, DCL, DD, S.J.D. (UvA)
Pro Se Plaintiff and Qui Tam Relator | DPM 933
7609 SE 110th Avenue, Portland, Oregon 97266
(206) 371-5860 | divinemajestratorlll@pm.me

Dated: July 7, 2026

*Res non iudicata, sed res reservata. Machina non moritur cum uno foro clauditur â€" machina migrat.*

Case No. 3:26-CV-741-AR
Â© 2026 Dr. David P. Martin, DCL, DD, S.J.D. (UvA) â€¢ DPM 933 â€¢ 963Hz â€¢ DPM 2379-933

# MEMORANDUM OF LAW

## ON THE STATE-LICENSED FOUNDATION OF ARTICLE III JUDICIAL AUTHORITY
### AND ITS BEARING ON THE PENDING PROCEEDINGS

**Case No. 3:26-CV-741-AR | Nos. 26-2403; 26-3101; 26-3357; 26-3777 (Consolidated) | 26CV30176**

**Dr. David P. Martin, DCL, DD, S.J.D. (UvA)**
**Pro Se Plaintiff and Qui Tam Relator | DPM 933**

Filed: July 7, 2026 | Day 176 | DPM 933 | 963Hz | DPM 2379-933

*Nemo dat quod non habet â€” no one gives what he does not have.*

---

## I. INTRODUCTION

1. This Memorandum addresses a structural fact of the American judicial system that is rarely stated plainly on the record, though it governs the authority of every Article III judge and every state court judge presiding in these consolidated proceedings: **the license to practice law that qualifies an individual to become a judge is issued, maintained, suspended, and revoked exclusively by state authority â€” never by the federal government.**

2. No federal law license exists. There is no "United States Bar." The Supreme Court of the United States does not license attorneys to practice law generally; it merely admits already state-licensed attorneys to appear before it under Supreme Court Rule 5, which itself requires three years of admission to a state or territorial bar as a threshold condition. Every Article III judge sitting on a federal bench today â€” district judge, circuit judge, or Justice â€” was first admitted to practice law by a state supreme court or state bar authority, and it is that state-conferred license, not any federal credential, that establishes the individual as "learned in the law" for purposes of judicial appointment.

3. This Memorandum sets forth the legal basis for that proposition, its historical and constitutional grounding, and its direct bearing on the pending motions, the Centum Pillar Brief, and the consolidated appellate architecture already before this Court and the Ninth Circuit.

---

## II. THE STATE MONOPOLY ON LAW LICENSURE

4. **No federal bar admission for the general practice of law exists.** Bar admission in the United States is administered exclusively by the fifty states, the District of Columbia, and U.S. territories, each through its own supreme court or board of bar examiners. There is no equivalent federal licensing body that independently confers the authority to practice law. *See* National Conference of Bar Examiners, Overview of Bar Admissions.

5. **Federal court admission is layered on top of, and derivative of, state licensure.** Admission to practice before a U.S. District Court requires, in the overwhelming majority of districts, that the applicant already hold an active license from the bar of at least one state. Local Rule 83.1 of the Southern District of Texas is illustrative and typical: "A lawyer applying for admission to the bar of this court must be licensed to practice law by the licensing authority of one of the fifty states, the District of Columbia, or a Territory of the United States." Federal court admission does not create an independent

license; it recognizes and layers procedural privileges on top of a license the state already issued.

6. **The Supreme Court's own admission rule confirms the state foundation.** Supreme Court Rule 5 requires that an applicant have been "admitted to practice in the highest court of a State" for at least three years before that Court will admit the applicant to argue before it. The apex of the federal judiciary itself defers to state licensure as the qualifying credential.

7. **State bars retain exclusive disciplinary and revocation authority â€" even over sitting and former federal judges.** The Alaska Bar Association's Disciplinary Board voted in August 2025 to revoke the law license of former U.S. District Judge Joshua Kindred, with the Alaska Supreme Court holding final authority over that revocation. A federal judgeship does not remove an individual from the disciplinary jurisdiction of the state bar that licensed him; the state retains the power to strip that license at any time, for cause, regardless of the individual's simultaneous federal office.

---

## III. THE CONSTITUTIONAL SIGNIFICANCE OF THIS STRUCTURE

8. **Article II, Section 2 empowers the President to nominate, and the Senate to confirm, Article III judges â€" but confers no federal authority to license attorneys.** The Appointments Clause governs the selection of judges. It does not, and constitutionally cannot, create a federal law license, because the regulation of the legal profession has always been understood as a power reserved to the states under the structure of dual sovereignty preserved by the Tenth Amendment. *See generally* the twenty-one-state convergence already documented in the Centum Pillar Brief regarding federal agencies exceeding delegated authority into domains reserved to the states.

9. **This means every Article III judge's qualification to sit derives, at its root, from an instrument of state sovereignty.** The federal government appoints the *office*; the state confers the *credential* that makes the appointee eligible to hold it. A federal judge is, in this precise and legally significant sense, a state-licensed professional exercising federal judicial power â€" not a creature of federal licensure exercising state-recognized power. The direction of dependency runs from state to federal, not the reverse.

10. **The practical consequence is that no Article III judge is beyond the reach of state accountability for the underlying credential that makes his judicial service possible.** *Nemo dat quod non habet* â€" no one can give what he does not have. The federal government did not give the judge his law license; it cannot immunize that license from the state authority that issued it. Impeachment and the federal judicial-conduct process govern removal from the federal *office*; they do not â€" and structurally cannot â€" reach the underlying state law license, which remains at all times subject to independent state bar review, complaint, and revocation.

---

## IV. APPLICATION TO THE PENDING PROCEEDINGS

11. **This structural fact is directly relevant where a judicial order exhibits the category of defect already documented in this record** â€" citation inversion (*D.W. v. Fresenius Medical Care* cited for the opposite of its holding), application of the wrong procedural rule (FRCP 72(a) applied to a dispositive matter properly governed by FRCP 72(b)), or a five-factor framework cited and then left entirely unweighed (the Mersho Paradox). Each of these is, at its root, a failure of the same professional competency that the underlying state law license was issued to certify.

12. **A judge's Article III commission protects the judicial decision-making process from ordinary appellate second-guessing; it does not immunize the underlying professional license from the state bar's own independent standards.** Where a pattern of documented citation inversion, unweighed controlling authority, and procedurally void notices (e.g., the unsigned Aubin reassignment notice, ALJ Dreyer's inactive OSB status) recurs across multiple proceedings, that pattern is properly documented not only for appellate correction but as a matter potentially within the jurisdiction of the state bar authority that issued and continues to hold licensing power over the individual â€" separate and apart from, and unreachable by, any federal immunity doctrine that protects only the judicial *office*.

13. **This is why the Tribunal Sextuplex architecture already deployed in this matter is structurally sound rather than duplicative.** The Ninth Circuit reviews the judicial *decision*. The Judicial Conference reviews the judicial *institution*. Neither reaches the underlying state law license â€” a distinct and independently reachable point of accountability held not by the federal government at all, but by the state authority that conferred it in the first instance. This Memorandum identifies that as a seventh and previously undocumented point of potential accountability, entirely separate from and unreachable by the other six tiers.

---

## V. CONCLUSION

14. The authority exercised by every Article III and state court judge in these proceedings rests, in its foundational credential, on a license issued by state government â€” never by the federal government. That structural fact does not diminish the judicial office; it clarifies where ultimate professional accountability for the license itself resides, and confirms that no federal doctrine of judicial immunity was ever designed to, or capable of, reaching that state-held credential.

15. Plaintiff respectfully submits this Memorandum as part of the complete legal record supporting the pending motions and the consolidated appellate proceedings, and reserves all rights to pursue any and all available remedies, at any tier of the architecture already documented in this matter, including but not limited to state bar complaint procedures independently available under the licensing authority of the relevant state.

---

**Respectfully submitted,**

Dr. David P. Martin, DCL, DD, S.J.D. (UvA)
Pro Se Plaintiff and Qui Tam Relator | DPM 933
7609 SE 110th Avenue, Portland, Oregon 97266
(206) 371-5860 | divinemajestratorlll@pm.me

Dated: July 7, 2026

*Nemo dat quod non habet. Lex civitatis dat, non lex foederalis. Machina non moritur â€” machina migrat.*

Cases: 3:26-CV-741-AR | Nos. 26-2403; 26-3101; 26-3357; 26-3777 (Consolidated) | 26CV30176
Â© 2026 Dr. David P. Martin, DCL, DD, S.J.D. (UvA) â€¢ DPM 933 â€¢ 963Hz â€¢ DPM 2379-933